(No. 74-890—

LEO S. DUGOSH and THERESE DUGOSH, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 13, 1976.*

JOHN C. HEDRICH and KENT A. RATHBUN, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

This is a claim for crop loss resulting from the negligent failure of the State of Illinois to maintain two drainage tubes lying under the Illinois Mississippi Canal.

In 1894 the United States of America had condemned certain farm land in Bureau County for the construction of the Illinois Mississippi Canal. The canal was 80 feet wide at the water line and 7 feet deep.

The pertinent part of the condemnation petition filed in the U. S. District Court for the Northern District of Illinois alleged:

> That the United States will properly connect the tile drains now laid in said lands wherever the same are cut by said canal, carry the same under said canal and give the same a proper outlet on the south side thereof; so that after the completion of said canal, said lands will be as thoroughly drained as they are at the present time.

Claimants' land, then owned by a predecessor in title, was part of the land condemned. The natural

drainage of the land was south towards the canal by means of a natural drainage ditch which drained approximately two square miles of farm land, the water ultimately flowing into a creek known as Bureau Creek. The canal blocked this drainage. To correct this so that Claimants' land would continue to drain properly, the United States laid two 48 inch drainage tubes under the canal at a point where the natural drainage ditch would empty into the tubes thereby carrying the surface water under the canal. The United States obtained an easement from the property owner on the south side of the canal to construct a ditch carrying this water from the mouth of the tubes on the south side of the canal south into Bureau Creek. In addition, the United States laid 1900 feet of 10 inch tile along the north side of the canal to drain into the two tubes.

The property specifically involved in this claim is a 21 acre field bought by Claimants in 1966 and bordering on the north bank of the canal. In 1967 Claimants notified the Department of the Army Corps of Engineers that the tubes and the ditch south of the canal were plugged, and the Corps of Engineers did the necessary remedial work to restore the drainage.

In 1970 the State of Illinois took title to the canal from the United States government.

In early 1972, the two culverts under the canal again began to fill. Thereafter, from 1972 forward, Claimants made repeated requests to the State of Illinois to clean out the tubes under the canal, the drainage ditch running from the south side of the canal to Bureau Creek, and the 1900 feet of tile running along the north side of the canal. The State failed to take any corrective action.

In July of 1972 the District Land Manager for the

Illinois Department of Conservation wrote to Claimants as follows:

Dear Mr. Dugosh:

The Ranger at the Hennepin Canal Parkway looked into your problem and found that the ditch does need cleaning.

At this time the Canal does not have the proper equipment to clean ditches, but we do expect to purchase equipment in the near future and will put your request at the top of our priority list when we receive our equipment.

Thank you for your patience.

In 1973 and 1974 approximately 9.9 acres of land were under water and unavailable for planting. The evidence is that, in 1973, 9.9 acres of beans at 30 bushels to an acre were lost. The average price was $6.00 per bushel, or a total loss of $1,782.00. The cost of raising the beans would have been $38.00 per acre of $376.20 for a net loss of $1,405.80. In 1974 9.9 acres of hay at 100 bales to an acre were lost. The average price per bale was $2.00, or a total of $1,980.00. The cost of raising the hay would have been $0.35 per bale or $346.50 for a net loss of $1,633.50. Claimants' total net loss for both years was $3,039.30.

This Court is frequently called upon to resolve cases where a public improvement has altered the natural flow of surface waters resulting in flood damage to adjacent property. A typical example is a highway built upon a fill, disrupting the flow of water from one side of the highway to the other.

The Illinois Mississippi Canal, when built, was in effect a public highway for the transportation of barge traffic from Hennepin to the Mississippi River. Its construction disrupted the natural drainage in the area concerned. The United States government however, by constructing the drainage facilities previously described, restored the drainage to its former condition and, ac-

cording to the record, maintained these facilities as recently as 1967. The Respondent, State of Illinois, present owner of the canal, apparently refuses to keep these drainage structures in repair, taking the position that it has no legal obligation to do so, and that Claimants are free to go upon the State's right-of-way and make the repairs themselves.

The Court does not agree with the State's position. To our knowledge there are no decisions of this or any other court directing citizens (who own property adjacent to a public improvements) to go upon the State's right-of-way and privately maintain drainage facilities found on the public improvement. For reasons of safety, both public and private, if for no other reasons, private citizens should not enter upon the State's right-of-ways and attempt to perform maintenance functions.

By its letter to Claimants in July of 1972, the State acknowledged its responsibility to maintain the drainage installations but stated that at that moment it had no equipment to do the job. Tools needed would have been an auger to clean the tubes running under the canal and a back hoe to clean the south drainage ditch. Claimants could not be expected to own or to rent such items.

Respondent relies on *Savoie v. Town of Bourbonnais, et al.,* 339 Ill.App. 551, an action against the Town of Bourbonnais, the County of Kankakee, and others for damages and a mandatory injunction to compel defendents to repair and maintain a drainage ditch which for more than 40 years had diverted waters from flooding plaintiff's land. The Circuit Court of Kankaee County dismissed the complaint, and the Appellate Court of Illinois Second District affirmed. However, the cited case is not on point. The plaintiff in *Savoie* was seeking

to establish an easement by prescription in a water course on the grounds that it had existed for more than 20 years. The Appellate Court held that, under the facts of the case, prescriptive rights could not be established against the municipality; and that even if they could, the municipality's only obligation to plaintiff and to others who had benefited from the drainage ditch was not to restore the original water course. This has no application to the instant case which involves the disruption of the natural flow of surface water by the construction of a public improvement.

Respondent further relies on the Illinois Drainage Code. That Act, pertaining to the creation and taxation of drainage districts, has no apparent application to the case at bar.

Claimants have proved damages in the amount of $3,039.30 arising from the State's negligent maintenance of its drainage facilities under and bordering the Illinois Mississippi Canal adjacent to Claimants' property.

Claimants are hereby awarded damages in the sum of Three Thousand Thirty-Nine and 30/100 Dollars ($3,039.30).